Susan E. Foster
Jed M. Silversmith
Mary P. Gaston
PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

Attorneys for Hollister-Stier Laboratories LLC

```
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
MAY 07 2002
JAMES R. LARSEN, CLERK
                        DEPUTY
SPOKANE, WASHINGTON
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

HOLLISTER-STIER LABORATORIES LLC, a Delaware limited liability company,

    Plaintiff,

v.

LINCOLN DIAGNOSTICS, INC., an Illinois corporation,

    Defendant.

CS-02-0160-AAM

COMPLAINT FOR FALSE ADVERTISING

**JURY DEMAND**

Hollister-Stier Laboratories LLC ("Hollister-Stier"), by and through its undersigned counsel, alleges as follows:

COMPLAINT - 1
[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

## I.   PARTIES

1.   Plaintiff Hollister-Stier is a Delaware limited liability company with its principal place of business at 3525 North Regal Street, Spokane, Washington 99207. Hollister-Stier is an allergy sciences company providing allergy and asthma products and services such as allergy vaccines, diagnostic kits and related professional supplies.

2.   Defendant Lincoln Diagnostics, Inc. ("Lincoln") is an Illinois corporation with its principal place of business within the county of Macon, state of Illinois. Lincoln markets and sells allergy diagnostic products throughout the United States.

## II.   JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this action pursuant to the following provisions:

- a) **15 U.S.C. § 1121**:   Hollister-Stier seeks relief in pertinent part under the Lanham Act, 15 U.S.C. § 1125 et seq.;

- b) **28 U.S.C. § 1331**:   Hollister-Stier seeks relief in pertinent part under the laws of the United States (15 U.S.C. § 1125(a));

- c) **28 U.S.C. § 1332**:   There is diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs; and

- d) **28 U.S.C. § 1367(a)**:   Hollister-Stier's claims against Lincoln under the Washington Unfair Business Practices - Consumer

COMPLAINT - 2

[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

Protection Act (ch. 19.86 RCW) and the common law are part of the same case or controversy as the other claims herein over which this Court has original jurisdiction.

4. This Court has personal jurisdiction over defendant Lincoln. Lincoln purposefully directs its business activities at Washington residents by (a) selling and marketing goods or services and (b) creating continuing relationships and obligations in that forum and has thus invoked the benefits and protections of local law. Moreover, Lincoln should reasonably have anticipated that it would be haled into court in this judicial district as the conduct alleged in this Complaint caused injury to Hollister-Stier in the state of Washington.

5. Venue is proper pursuant to the following provisions:

a) **28 U.S.C. § 1391(b)(2)**: A substantial part of the acts or omissions giving rise to Hollister-Stier's claims occurred within this judicial district and a substantial part of the property which is the subject of this action resides within this judicial district; and

b) **28 U.S.C. § 1391(c)**: Lincoln is subject to personal jurisdiction in this judicial district.

### III. BASIS FOR CLAIMS

**A. Hollister-Stier and Its Products**

6. Hollister-Stier and Lincoln are competitors in the United States market for allergy skin test applicators. These applicators apply diagnostic

COMPLAINT - 3
[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

allergenic extracts to the skin and are used to identify allergenic responses in humans.

7. Lincoln manufactures, markets and sells a self-loading single test allergenic extract product, DUOTIP-TEST®. DUOTIP-TEST has a plastic tip and, as advertised, can apply the allergenic extract using either a modified prick technique or a rotation technique. Lincoln also manufactures markets and sells two multi-test products: MULTI-TEST® and MULTI-TEST II®.

8. Hollister-Stier manufactures, markets and sells two single test allergenic extract products: the Prick Lancetter and QUINTIP™. Hollister-Stier also manufactures, markets and sells a multi-test product, QUINTEST®. Each of these products have steel tips. QUINTIP is the only steel-tipped, self-loading single test allergenic extract product on the market.

9. Lincoln has advertised its single test product, DUOTIP-TEST in national journals including The Journal of Allergy and Clinical Immunology and The Annals of Allergy, Asthma and Immunology. These advertisements assert that DUOTIP-TEST can be used with either the prick or rotation method and contain several false and misleading product claims, including:

| Promotional Materials Statement | Reason False and Misleading |
|---|---|
| Lincoln Diagnostics' DUOTIP-TEST product is a "major improvement" in "one at a time" skin testing. | DUOTIP-TEST was introduced in 1994, there have been no recent improvements as is implied by the ad and it does not represent a major improvement over other products that are available today including QUINTIP. |

COMPLAINT - 4

[00000-0000/SL021050.159]

| Promotional Materials Statement | Reason False and Misleading |
|---|---|
| "The refined DUOTIP-TEST points do not traumatize the skin like steel points or bent plastic points of other devices." | DUOTIP-TEST does not traumatize the skin less than steel points -- particularly when the rotation method is used. |
| "The bifurcated tip provides reproducible, well-defined reactions with little tissue trauma and minimal reactivity at negative control sites." | DUOTIP-TEST does not produce well-defined reactions with little tissue trauma and minimal reactivity at negative control sites when using the rotation method. |

10.  These statements are material and are likely to cause confusion and mislead a significant portion of the buying public.

11.  The natural, probable and foreseeable result of Lincoln's conduct has been and will continue to be to deprive Hollister-Stier of opportunities to sell its diagnostic products, to damage Hollister-Stier's goodwill and reputation, to injure Hollister-Stier's relations with prospective customers, and other injuries. The injuries suffered by Hollister-Stier cannot adequately be remedied at law and Hollister-Stier is entitled to injunctive relief prayed for below.

## IV.  CLAIMS

### FIRST CAUSE OF ACTION—FALSE ADVERTISING
### (LANHAM ACT, 15 U.S.C. § 1125)

12.  Hollister-Stier realleges the allegation in paragraphs 1-11 above.

13.  Lincoln's conduct as alleged above, including the use of false and misleading representations about the characteristics, capabilities and quality of its products and its comparison to Hollister-Stier products, constitutes the use in commerce of false or misleading descriptions of fact, or false or misleading

COMPLAINT - 5

[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA  99201
(509) 624-2212

representations of fact, which is likely to cause confusion or mistake, or to deceive, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

14. Lincoln's conduct was malicious, fraudulent, deliberate and willful.

15. As a direct result of Lincoln's conduct, Hollister-Stier has suffered and continues to suffer monetary damages in an amount to be proven at trial and has suffered irreparable harm to its goodwill, reputation, business and property.

## SECOND CAUSE OF ACTION—UNFAIR COMPETITION AND DECEPTIVE ACTS AND PRACTICES (COMMON LAW and RCW 19.86.020)

16. Hollister-Stier realleges the allegation in paragraphs 1-11 above.

17. Lincoln's conduct as alleged above, including the use of false and misleading representations about the characteristics, capabilities and quality of Hollister-Stier products, constitutes unfair competition and a deceptive act or practice.

18. Lincoln's conduct as alleged above, including the use of false and misleading representations about the characteristics, capabilities and quality of Hollister-Stier products, constitutes an unfair method of competition or deceptive act or practice in the conduct of trade or commerce in violation of RCW 19.86.020. Lincoln's conduct continues to effect and is contrary to the public interest and tends to mislead or deceive a substantial portion of the public.

19. As a direct result of Lincoln's conduct, Hollister-Stier has suffered and continues to suffer monetary damages in an amount to be proven at trial and has suffered irreparable harm to its goodwill, reputation, business and property.

COMPLAINT - 6
[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Hollister-Stier respectfully demands a trial by jury as to all issues so triable in this action.

## RELIEF REQUESTED

A.   Wherefore, Hollister-Stier hereby requests that the Court enter judgment in favor of Hollister-Stier awarding the following relief:

(1)   Damages in an amount to be proven at trial;

(2)   An accounting of Lincoln's sales, gross revenues, avoided costs, profits, gains and unjust enrichment through the pendency of this action;

(3)   Exemplary and treble damages or treble profits, whichever is greater, pursuant to 15 U.S.C. § 1117 and as otherwise permitted by law;

(4)   Hollister-Stier's costs and attorneys' fees pursuant to 15 U.S.C. § 1117, RCW 19.86.090 or as otherwise permitted by law;

(5)   Prejudgment and post-judgment interest;

(6)   An order requiring Lincoln to disseminate appropriate and effective corrective advertising and promotional materials to correct the false, misleading, deceptive, disparaging and defamatory representations alleged in this Complaint;

COMPLAINT - 7

[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

(7) An order enjoining Lincoln's representatives, agents, employees and persons or entities acting in concert with them from

    i. making false, misleading, deceptive, disparaging or defamatory representations, orally or in writing, with respect to Hollister-Stier or its products, and

    ii. engaging in any further violations of 15 U.S.C. § 1125, RCW 19.86.020 or the common law as alleged herein; and

(8) Such other and further relief as the Court may deem just, equitable and proper.

DATED: May 7, 2002.

**PERKINS COIE LLP**

By: *Edward Johnson for*
Susan E. Foster, WSBA No. 18030
Jed Silversmith, WSBA No. 31110
Mary P. Gaston, WSBA No. 27258

Attorneys for Plaintiff, Hollister-Stier Laboratories LLC

COMPLAINT - 8
[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

## VERIFICATION

I, David Mirabell, declare:

1. I am Director of Regulatory Affairs for Hollister-Stier Laboratories LLC, which is the Plaintiff in the above-entitled action, and I have been authorized to make this verification on its behalf.

2. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein-stated on information and belief or are otherwise clearly designated, and as to those matters I believe them to be true.

> **I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.**

EXECUTED at Spokane, Washington, this 7th day of May 2002.

_____
David Mirabell

COMPLAINT - 9
[00000-0000/SL021050.159]

PERKINS COIE LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212